Nicholson, C. J.,
delivered the opinion of the Court.
The bill in this case was filed to set aside a deed of trust made by Abner Moore to J. B. Harris, as trustee, to secure all of his individual debts first, and then the debts of a firm of which he was a member. Complainants were creditors of the firm, and allege that the deed was void for fraud in fact and in law.
There is no proof sustaining the allegation of fraud in fact, and the whole case turns upon the question of fraud, apparent on the face of the deed.
After conveying his real estate, the grantor proceeds: “also all property, real, personal or mixed, owned by me, whether of a legal or equitable nature; I, however, reserve the property exempt by law from execution to me as a head of a family.”
The true construction of this clause in the deed is, that the grantor reserves out of his conveyance whatever property he has, exempt by law from execution, *736 not intending by his deed to convey the same to the trustee. It is not a conveyance of this property first to the trustee, and then a withdrawal of it from the conveyance for his own benefit. The title to the exempt property was not conveyed to the trustee, and this intention was indicated by the language: “I however reserve the property exempt from execution.” In this respect, the conveyance differs from that on which the Court decided in the case of Sugg v. Tilman, 2 Swan, 208. It differs in another respect — in that deed articles consumable in their use were specified and conveyed — in this there ' is no such property specified. Nor does the proof show that the grantor owned more of such articles than the law authorized him to reserve.
There is, therefore, nothing on the face of the deed which renders it obnoxious to the charge of fraud.
As this view of the case is conclusive, we deem it unnecessary to allude to other questions discussed in the arguments.
Decree affirmed with costs.